## W. C. Mills, etc. *v.* W. H. Chelf.

**Husband and Wife—Individual Liability of Wife on Note.**
 A note executed by a feme covert for the purchase-money of land bought by her can not be enforced.

**Principal and Surety—Liability of Surety on Note.**
 Where the consideration for a purchase-money note for land executed by a feme covert fails, the sureties on the note can not be held liable.

**Contracts—Executory Contract of Married Woman.**
 A mere executory contract executed by a married woman for the purchase of land can not be enforced against her or her sureties on the purchase-money notes.

APPEAL FROM MARION CIRCUIT COURT.

March 26, 1873.

·Opinion by Judge Pryor:

On the 25th of December, 1870, W. H. Chelf sold to Mrs. Mary M. Mills a house and lot in Lebanon, Kentucky, for the sum of sixteen hundred dollars and executed to her his bond for title. The purchase money was made payable in installments, the two first

payments in notes with sureties thereon, the first for $200, due the 4th of April, 1871, and the other for $400, due the 25th of December, 1871.

Mrs. Mills, at the time she made this purchase, was a *feme covert,* and the note for two hundred dollars seems to have been signed by her husband, W. G. Mills, and F. Raley as her sureties. The present action was instituted at law against Mrs. Mills and the parties whose names appear as sureties on this note (her husband being one of them) alleging their failure to pay and asking a judgment. Mrs. Mills filed her answer alleging her coveture at the date of the contract and denying plaintiff's right, either at law or equity, to enforce it against her. She also set forth its terms, and insists that it is prejudicial to her interests, and asks that the contract be rescinded and the cause transferred to a court of equity for that purpose. Mills, the husband, and Raley, who signed the note as sureties, also filed answers setting forth the coverture of Mrs. Mills as well as the substance of her answer and insists that as they are only sureties on the note and have no other connection with the contract of purchase, that if Mrs. Mills is released by the revision of the contract they are also discharged from liability.

A general demurrer was filed to each answer and sustained, to which an exception was taken.

The cause was continued as to Mrs. Mills and a judgment rendered against the remaining obligors for the amount of the note and interest and from which they prosecuted this appeal.

It is clear that this executory contract cannot be enforced against Mrs. Mills by reason of her coveture at the time of its execution. Nor can a recovery be had upon the note as against her for the purchase money for the same reason. She could have made no contract with reference to her property that would have been obligatory, or that the Chancellor could have enforced. It results, therefore, that the Chancellor erred in sustaining the demurrer to her answer. She, it is true, is not an appellant in the present record, but the case is still pending against her in the court below, and the inevitable result must be a rescission of the contract by the Chancellor so far as the *feme covert* is concerned. If the contract is rescinded as to Mrs. Mills, can it be made obligatory on the remaining obligors, who are no party to it other than their names to the note as sureties for the purchase money? It is well settled that where one

becomes the surety of an infant or a *feme covert,* upon a contract, it is binding on the surety, although the principal laboring under the disability is released for the reason that it is as much his contract as that of the principal. *Short v. Bryant,* 10 B. Monroe, page 10. *Gaines, Administratrix, v. Poor,* 3 Met., page 503. In the present case, however, if the married woman is released from her contract of purchase she fails to get the land, and remains indebted to the appellee for the purchase money, and as the cause now stands the vendor would have his judgment against the sureties upon the note and a suit pending against the *feme covert* in which the contract must be rescinded, by which the appellee gets his land and at the same time has his judgment for the purchase money. Whilst the surety of an infant or *feme covert* is held liable to perform the contract, still where the consideration fails or where the infant or *feme covert* fails to get that for which the money was agreed to be paid a chancellor would hardly coerce payment of the surety. In this case the *feme covert* asks to have the contract rescinded, and if this is done upon the state of facts presented, the vendor can only take his land back, and the sureties are discharged. Where obligors never entered into any contract of purchase, nor do they hold a bond for title, no action could be maintained by them against the appellee to enforce a compliance with its terms, as they are not parties to it, nor are they entitled to a conveyance, nor have they any right to have the property sold and these notes discharged, as the *feme covert* insists that she is not bound by either the title bond she has accepted from, or the notes she has executed to, the appellee. In a petition filed by the appellee against these sureties alleging the acceptance of the deed by Mrs. Mills the chancellor upon this executed contract would enforce payment, for the reason that the *feme covert* has received that for which the notes were given. If the petition, however, seeks only to enforce a contract merely executory as against this married woman, will the chancellor hold those who sign the note as sureties liable and rescind the contract? We think not, and on the other hand, if the sureties are made to accept the deed and perform the contract, they are compelled to take that which they never purchased and to comply with a contract they could not have enforced.

If the husband should make a contract jointly with the wife and agree that the deed should be made to the latter the contract could

then doubtless be enforced as against the husband, or if the present contract was made at the instance of the husband for the benefit of the wife, it may be that the contract would be regarded as that of the husband and a chancellor would enforce it. Whether the husband can bind himself as the surety of the wife is a question not necessary now to decide. The demurrer to each of the answers should have been overruled in order that these questions it desired might have been made, and at any rate no judgment should have been rendered against those signing the note as sureties until the chancellor had determined to enforce the contract. Upon the return of the cause the case should be transferred to the equity docket and the parties allowed to amend their pleadings.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. Sanders, Executrix, Jno. Rodman, Mills, for appellant.*

*W. H. Chelf, L. H. Noble, for appellee.*